UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00306-01 |
| | CIVIL ACTION NO.  10-00146 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAVIS MORRIS | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Record Document 41), filed on behalf of Petitioner, Davis Morris ("Morris").  Morris seeks to have his sentence vacated, set-a-side or corrected based on the ineffective assistance of counsel at sentencing. Id.  For the reasons discussed herein, Morris's motion is **DENIED**.

### FACTUAL BACKGROUND

According to the Factual Basis that Petitioner signed as part of his plea agreement:

> On or about October 17, 2008, the Petitioner, Morris, contacted a cooperating witness ("CW") in an effort to purchase powder cocaine.  The CW informed Morris that he could provide the cocaine, and the two negotiated the price.  Subsequently, they traveled to a storage facility in Shreveport, Louisiana, where Morris paid the CW $21,500 in exchange for one kilogram of powder cocaine.  Morris then took possession of the cocaine. Test results from the North Louisiana Criminalistics Laboratory prove that the substance provided by the CW to Morris was in fact, cocaine hydrochloride, also known as powder cocaine, a Schedule II controlled substance.  Further, lab results show the

>weight of the powder cocaine was more than 500 grams, as alleged in Count One of the indictment in this matter.[1]

[Record Document 28-2].

## PROCEDURAL HISTORY

On October 22, 2008, Petitioner was indicted with possession with intent to distribute 500 grams or more of powder cocaine, in violation of 21 U.S.C. § 841(a)(1) and with a forfeiture count pursuant to 21 U.S.C. § 853. [Record Document 2].

Subsequently, the government filed a notice pursuant to 21 U.S.C. § 851 to establish a prior drug conviction and requested enhancement of Petitioner's sentence to a mandatory 10-year term of imprisonment according to 21 U.S.C. § 841(b)(1)(B)(ii). [Record Document 23].

On January 22, 2009, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Count One. [Record Documents 26, 27, 28, and 29].

On May 19, 2009, Petitioner was sentenced to 120 months imprisonment to be followed by an eight-year term of supervised release. [Record Document 32]. The judgment was signed on May 21, 2009. [Record Document 33]. An amended judgment was signed on June 12, 2009, adding a disposition of Petitioner's interest in the $21,500 seized on October 17, 2008 and forfeiting that property. [Record Documents 35, 37, 38 and 39].

Petitioner did not file a notice of appeal from this final judgment. On February 1, 2010, Morris filed a Motion to Vacate, Correct or Set Aside Sentence Pursuant to 28 U.S.C.

---

[1]According to the Presentence Report, the kilo of cocaine weighed 949.5 net grams. [PSR ¶9].

§ 2255. [Record Document 41]. Morris claims his sentence should be vacated, set-a-side or corrected because "his attorney's conduct fell outside of the wide range of professionally competent assistance when he declined to investigate, and object to the prior conviction being a felony conviction." See Record Document 41 at 2.

### LAW AND ANALYSIS

**A.    Claims Not Cognizable Under 28 U.S.C. § 2255**

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649, 91 L.Ed.2d 434 (1986). In a case such as this one, where the petitioner has entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995). Morris does not contend that he is "actually innocent" of the crime. Thus, the Court need only determine whether he alleges claims that are constitutional or jurisdictional in nature and whether he has established the

requisite "cause and actual prejudice" allowing him to proceed with those claims under section 2255.

Morris's claim falls into one broad category--ineffective assistance of counsel.

**B.    Ineffective Assistance of Counsel**

The general ruling prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003). The procedural-default rule is a doctrine employed by the courts "to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Requiring a criminal defendant to bring ineffective assistance of counsel claims on a direct appeal promotes neither of these objectives. Moreover, a claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is properly permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. Id.

To prevail on his claims of ineffective assistance of counsel, Morris must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, Morris must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687, 104 S.Ct. at

2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Morris must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. In the context of a guilty plea, prejudice is present if there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Theriot v. Whitley, 18 F.3d 311, 313 (5th Cir. 1994). However, regardless of whether the petitioner is able to demonstrate ineffective assistance of counsel, "the conviction [and sentence] should be upheld if the plea was voluntary."[2] Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

Morris argues to this Court:

> his attorney's conduct fell outside of the wide range of professionally competent assistance when he declined to investigate, and object to the prior conviction being a felony conviction. Even if the prior conviction used for enhancement

---

[2] "A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant." United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."

> purposes in this case was a felony under Louisiana Law, it is not under federal law.
> . . .
> The Defendant entered a plea bargain with the government and pled to (1) count of possession of 500 grams or more with intent to distribute powder cocaine, pursuant to Title 21 U.S.C. § 841(a)(1) which yielded a guideline rage calculated at 70 to 87 months. The added enhancement pursuant to 21 U.S.C. § 851(a)(1) (prior drug conviction enhancement) put the defendant at a Mandatory Minimum of 10 years to life. That leaves no doubt that the ineffectiveness rendered by the Defendant's attorney prejudiced the Defendant, to the extent, that if it were to be left standing would be a Mis-Carriage [sic] of Justice.

[Record Document 41 at 2-3].

This argument lacks merit and thus cannot sustain a claim for ineffective assistance of counsel. Turning to the government's Notice of Prior Narcotics Conviction Pursuant to 21 U.S.C. § 851, "[o]n or about September 11, 2006, the defendant, Davis C. Morris, was convicted of a felony drug offense in the State of Louisiana, Caddo Parish: Possession of Marijuana-Second Offense." [Record Document 23 at 2]. According to Morris's Presentence Report, Morris pled guilty and was sentenced to five years at hard labor. [PSR ¶51]. This sentence was suspended, and Morris was sentenced to two (2) years of supervised probation. Id. Morris argues that

> [t]he prior drug conviction that was used to enhance the defendant pursuant to 21 U.S.C. § 851(a)(1), stemmed from a prior conviction the defendant received for being in possession of a single cigar with marijuana inside, totaling (1) gram of marijuana at the most. ("A misdemeanor amount"). Thus rendering, the prior conviction used for enhancement purposes, Constitutionally invalid and hence unavailable for enhancement purposes.

[Record Document 41 at 2].

Petitioner's sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(B)(ii), which states

> Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
> . . .
> (B) In the case of a violation of subsection (a) of this section involving–
> . . .
> > (ii) 500 grams or more of a mixture or substance containing a detectable amount of–
> > > (I) coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
> > > (II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
> > > (III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
> > > (IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);
> > such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a *felony drug offense* has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . .

21 U.S.C. § 841(b)(1)(B)(ii)(2008) (emphasis added).

As in any case involving statutory interpretation, this Court begins by examining the text of the relevant statutes. Watt v. Alaska, 451 U.S. 259, 265, 101 S.Ct. 1673, 68 L.Ed.2d

80 (1981). Section 841(b)(1) does not define "felony drug offense," but the term is defined in 21 U.S.C. § 802(44). "Because the term 'felony drug offense' is specifically defined in § 802(44), and § 841(b)(1) ... makes use of that precise term, the logical, commonsense way to interpret 'felony drug offense' in § 841(b)(1) ... is by reference to the definition in § 802(44)." United States v. Roberson, 459 F.3d 39, 52 (1st Cir.2006). Section 802(44) provides that a "felony drug offense" is:

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44)(2008). The Fifth Circuit adopted this approach in United States v. Rains, 615 F.3d 589, 596-97 (5th Cir. 2010). As the Presentence Report demonstrates, Petitioner was originally sentenced to five years at hard labor for Possession of Marijuana-Second Offense. [PSR ¶51]. Clearly, this satisfies the definition of "felony drug offense" because it was punishable by imprisonment for more than one year.

As such, Petitioner's attorney could not have been ineffective for failing to raise a legally meritless argument. Therefore, Petitioner's claim must fail.

## CONCLUSION

The Court finds Morris has failed to establish that he received ineffective assistance of counsel. Accordingly, Morris's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Record Document 41] is hereby **DENIED.**

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 2nd day of February, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE